IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALEX-WAYNE DUNCAN**                                                                                              **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO.: 2:20-cv-102-KS-MTP**

**GWEN WILKS**                                                                                                        **DEFENDANT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute and failure to comply with the Court's order. On May 27, 2020, Plaintiff filed this action under 42 U.S.C. § 1983 while he was incarcerated at the Forrest County Detention Center. At the time this action was filed, Plaintiff was a prisoner as defined by the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(h). On July 21, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). *See* Order [7]. Under the PLRA, a prisoner proceeding IFP is "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) ("A prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint."). Accordingly, the Court ordered Plaintiff to pay the full filing fee via payments made from the Plaintiff's prison account. *See* Order [7].

On August 28, 2020, Plaintiff filed a Notice of Change of Address [11] indicating that he is no longer incarcerated, and installment payments from his prison account are no longer available. Plaintiff, however, remains "subject to the filing-fee requirements of the PLRA despite [his] subsequent release from prison." *Gay v. Texas Dep't of Corr.*, 117 F.3d 240, 241 (5th Cir. 1997); *see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997). A plaintiff's release from confinement does not release him from the debt incurred by the filing of a civil action. *Gay*, 117

1

F.3d at 242 (noting court's "desire to put some teeth into the PLRA's front-end deterrent" by holding that § 1915 filing fee requirement applies to prisoners released during pendency of case).

Accordingly, on February 10, 2021, the Court ordered Plaintiff to pay the full filing fee in compliance with § 1915(b)(1). *See* Order [19]. The deadline for Plaintiff to pay the filing fee expired on March 12, 2021. *Id*. The Court warned Plaintiff that his failure to timely comply with the Order [19] could result in the dismissal of this action without further notice. To date, Plaintiff has neither paid the filing fee as ordered nor sought additional time to comply with the Court's Order [19].

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed to prosecute this action and failed to comply with the Court's order, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 30th day of April, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE